IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEVON NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) COMPLAINT |
| SOUTH CAROLINA DEPARTMENT | ) |
| OF JUVENILE JUSTICE, and LARON | ) |
| MILFORD, and JOHN DOE and JANE | ) |
| DOE | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, by and through his attorney, does hereby complain against the South Carolina Department of Juvenile Justice and Laron Milford, and states as followed.

## PRELIMINARY STATEMENT

1. This lawsuit arises out of the assault of Devon Nash, (hereinafter "Plaintiff"), perpetrated by juvenile residents of the South Carolina Department of Juvenile Justice (hereinafter "SCDJJ" or "Defendant"). Defendant has a duty to maintain safety of its juvenile residents. Plaintiff was assaulted by other youths while in custody of SCDJJ and under the supervision of JCO Laron Milford (hereinafter "Defendant"). Plaintiff was taken to the emergency room and treated for multiple injuries.

2. A civil action brought pursuant to the South Carolina Tort Claims Act is pending in the Richland County Court of Common Pleas.

## JURISDICTION AND VENUE

3. Plaintiff is a citizen and resident of South Carolina.

4. Defendant SCDJJ is a government entity existing under the laws of the State of South Carolina and has facilities located throughout South Carolina, including Richland County.

5. Upon information and belief, at all times relevant hereto, Defendants consisted of persons who were agents, officers, servants, and employees, acting under the color of state law and the course and scope of their employment, and all acts and omissions are imputed to the Defendant employers as a matter of law.

6. This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under the constitution and statutes of the United States; and (ii) any claims stated herein that may arise under state law are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

7. Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

8. In South Carolina, incarceration of juveniles is for beneficent rather than punitive purposes.

9. SCDJJ is the state agency charged with housing and rehabilitating wayward youth in South Carolina between the ages of 12 and 17.

10. At all times relevant hereto, Plaintiff was a resident in Defendant SCDJJ facilities.

11. On or about February 26, 2022, Plaintiff was assaulted by other youths while in custody of SCDJJ.

12. Just before the assault, Defendant Milford left the room where Plaintiff and the attackers were located.

13. Defendant Milford remained out of the room throughout the duration of the attack on Plaintiff.

14. Leaving the youths unattended is a violation of Defendant SCDJJ's policy and practice and demonstrates Defendant Milford's deliberate indifference to the Plaintiff's rights, including, but not limited to, the Plaintiff's right to bodily integrity and to be safe from harm while a resident at Defendant SCDJJ's facility.

15. Plaintiff was taken to the emergency room and treated for broken bones and multiple lacerations.

16. In a separate incident, Plaintiff was tasered by a public safety officer.

17. Plaintiff had been held in isolation without justification or cause for an unreasonable amount of time.

18. While in isolation,

    a. Defendant has failed to provide adequate food and water to Plaintiff.

    b. Defendant has failed to allow Plaintiff reasonable access to showers.

    c. Defendant has failed to allow Plaintiff reasonable access to outdoors.

    d. Defendant has failed to allow Plaintiff reasonable access to natural light.

    e. Defendant has failed to allow Plaintiff reasonable access to educational materials.

    f. Defendant has failed to allow Plaintiff reasonable access to recreational materials.

19.     The amount of time Plaintiff spent in isolation violated Defendant's own policies and procedures.

20.     The amount of time Plaintiff spent in isolation violated Plaintiff's rights as secured by federal law.

21.     Defendants' acts and omissions regarding Plaintiff's isolation while an inmate at SCDJJ violated Defendants' duties to the Plaintiff.

22.     Defendant was made aware of the harm complained of in this Complaint while Plaintiff was in Defendant's custody.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Federal Civil Rights 42 U.S.C. 1983-Violation of Substantive Due Process-14th Amendment)

23.     The foregoing allegations are re-alleged herein verbatim.

24.     At all times relevant hereto, Defendants were acting under the color or pretense of the law, customs, practices, usage or policy as SCDJJ officers and owed the Plaintiff certain duties. Defendants were well aware of Plaintiff's constitutional rights, including his right to due process, his liberty interest, and his right to be free from unjustified intrusions on personal security as protected by the Fourteenth Amendment.

25.     The courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected by the Due Process Clause. Ingraham v. Wright, 430 U.S. 651, 673 (1977). The facts set forth herein show that Defendants exposed the Plaintiff to an assault while Defendant Milford worked as a correctional officer at SCDJJ.

26.     Plaintiff's resulting injuries and harm were proximately caused by the Defendants' intentional, reckless, willful and wanton, grossly negligent, and negligent conduct.

27. As a direct and proximate result of the above conduct of Defendants, Plaintiff has been injured and harmed in that he has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; Plaintiff has been subjected to assault, physical and emotional harm, has endured and will continue to endure mental anguish and emotional distress; has been deprived of the enjoyment of his life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney's fees.

## FOR A SECOND CAUSE OF ACTION
**(42 U.S.C.A. § 1983 Negligent Hiring, Training, Supervision, and Retention)**

28. The foregoing allegations are re-alleged herein verbatim.

29. Defendant SCDJJ had a duty to use reasonable care to select an employee, agent, or officer who was competent and fit to perform the duties required of a DJJ employee. Defendant DJJ owed such a duty to Plaintiff and such duty was breached.

30. Defendant SCDJJ exercised willful disregard and deliberate indifference for Plaintiff's rights as described herein in its hiring of Defendant officers.

31. Defendant SCDJJ exercised willful disregard and deliberate indifference for Plaintiff's rights as described herein in its training of Defendant officers.

32. Defendant SCDJJ exercised willful disregard and deliberate indifference for Plaintiff's rights as described herein in its supervision of Defendant officers.

33. Defendant owes a duty of care to the Plaintiff to use reasonable care to select an employee, agent, or officer who is competent and fit to perform the duties required as a employer.

34. At all times relevant herein, Defendants' employee weas acting in the scope of his employment.

35. The above-described acts and omissions resulted from the failure of the Defendant, their agents, servants, employees, or other representatives to exercise reasonable care in training and supervising their employees; thereby, Defendants breached their duty of care to Plaintiff.

36. Upon information and belief, the aforementioned acts and omissions are part of a pattern, practice, and organizational culture of Defendant.

37. As a direct and proximate result of the acts and omissions of Defendant due to their negligent supervision and training, Plaintiff suffered physical harm and losses for which he is entitled to recover in an amount to be determined by a jury at the trial of this action.

**FOR A THIRD CAUSE OF ACTION**
**(42 U.S.C.A. § 1983 Supervisory Liability)**

38. The foregoing allegations are re-alleged herein verbatim.

39. John Doe and Jane Doe are place-holders for Defendant Milford's actual supervisor, whose name is unknown at this time.

40. As Defendant Milford's supervisor, John Doe and Jane Doe were responsible for instructing Defendant Milford as to his duties and was responsible to set and instruct policy and practice for Defendant Milford's position.

41. John Doe and Jane Doe established and/or maintained a policy or practice which proximately caused the violation of Plaintiff's rights as described herein.

42. The policy or practice governing Defendant Milford's conduct was enacted and maintained with deliberate indifference to the consequences thereof and the foreseeable constitutional violations described herein.

43. During the incident giving rise to this lawsuit, Defendant Milford acted in accordance with the policy or practice established by John Doe and Jane Doe and with their approval and sanction.

44. John Doe and Jane Doe's policy and practice created an unreasonable risk of the invasion of bodily integrity referenced herein in violation of the Fourteenth Amendment.

45. John Doe and Jane Doe were aware that the policy or practice created such unreasonable risk and that the unreasonable risk of constitutional violations existed at all times relevant hereto.

46. Despite their awareness of the unreasonable risk, John Doe and Jane Doe were deliberately indifferent to that risk and maintained the referenced policy or practice without justification.

47. Additionally and alternatively, John Doe and Jane Doe acquiesced in the policy or practice referenced herein and such acquiescence was the direct and proximate cause of the violation of Plaintiff's rights as set forth herein.

48. Additionally and alternatively, John Doe and Jane Doe failed to train Defendant Milford regarding his role in safeguarding Plaintiff's constitutional right to bodily integrity and such failure was the direct and proximate cause of the violations to Plaintiff's rights as set forth herein.

## FOR A FIFTH CAUSE OF ACTION
**(Punitive Damages)**

49. The foregoing allegations are re-alleged at if set forth herein verbatim.

50. Defendant Cox's intentional, willful, and malicious actions were done with conscious disregard and deliberate indifference for the rights afforded to Plaintiff. Additionally, Defendant Cox acted with reckless disregard for the constitutional protections afforded to Plaintiff.

51. Plaintiff is entitled to an award of punitive damages against Defendant Cox in an amount to be determined by the jury in this action.

## FOR A SIXTH CAUSE OF ACTION
### (Attorney Fees and Costs of Litigation Pursuant to 42 USC 1988)

52. The foregoing allegations are re-alleged at if set forth herein verbatim.

53. Pursuant to 42 U.S.C. 1988, Plaintiff seeks an award of reasonable attorney fees and costs of litigation in an amount to be determined by the Court at the conclusion of this matter.

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual, consequential, and punitive damages, costs and reasonable attorney fees. Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America.

BOLES LAW FIRM, LLC

s:/Daniel C. Boles
Daniel C. Boles
Federal Bar No.: 12144
3870 Leeds Avenue, Suite 104, 29405
248 E. Washington Street, 29488
101 McGee Street, 29601
843.576.5775 *office*
864.770.7705 *office*
800.878.5443 *fax*
dan@boleslawfirmllc.com

February 26, 2024
Charleston, SC